UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY COE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>GENERAL MILLS, INC.,<br><br>    Defendant. | Case No. 15-cv-05112-TEH<br><br>**ORDER GRANTING IN PART AND DENYING PART MOTION TO DISMISS FIRST AMENDED COMPLAINT** |

This matter comes before the Court on Defendant General Mills, Inc.'s motion to dismiss Plaintiffs' injunctive relief claims from the First Amended Complaint. The Court finds this matter suitable for resolution without oral argument, *see* Civil L.R. 7-1(b), and now GRANTS IN PART and DENIES IN PART the motion as discussed below.

**BACKGROUND**

Plaintiffs Nancy Coe, Tori Castro, and Pamela Mizzi filed this putative class action to challenge the labeling and advertising of Defendant's Cheerios Protein product. The Court granted Defendant's motion to dismiss Plaintiffs' injunctive relief claims from the original complaint, observing that:

> This issue was recently addressed in detail by another court in this district, and the Court finds that decision persuasive. *See Anderson v. Seaworld Parks & Entm't, Inc.*, Case No. 15-cv-02172-JSW, 2016 WL 4076097, at *5-9 (N.D. Cal. Aug. 1, 2016). Like that court, this one "is unwilling to hold, as a matter of law, that a plaintiff could never pursue a claim for prospective injunctive relief under the UCL or the [False Advertising Law] merely because the plaintiff now knows the truth about the alleged misrepresentation." *Id.* at *7. However, the Court agrees with "the majority view . . . that a plaintiff must allege the intent to purchase a product in the future in order to have standing to seek prospective injunctive relief." *Id.* at *6 (collecting cases); *see also Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JST, 2015 WL 1248027, at *3-5 (N.D. Cal. Mar. 18, 2015) ("[A] willingness to consider a future purchase is sufficient."). Plaintiffs have not done so

> here, but counsel indicated at oral argument that Plaintiffs might be able to cure this deficiency with leave to amend. Defendant's motion to dismiss is therefore GRANTED without prejudice.

Aug. 10, 2016 Order at 11-12.

The First Amended Complaint ("FAC") now includes allegations that Plaintiffs Coe and Castro, both California residents who seek to represent a class of California plaintiffs, "would purchase Cheerios Protein again in the future if the product were remedied to reflect Defendant's labeling and marketing claims for it." FAC ¶¶ 14-15. Plaintiff Mizzi, a New York resident who seeks to represent a class of New York plaintiffs, does not allege any future intent to purchase the product.

**DISCUSSION**

As Defendant correctly observes, some courts in this district have concluded that plaintiffs who know about an alleged deception can never have standing to sue for injunctive relief. *E.g.*, *Jones v. Nutiva, Inc.,* No. 16-cv-00711-HSG, 2016 WL 5210935, at *10 (N.D. Cal. Sept. 22, 2016); *Khasin v. R.C. Bigelow, Inc.*, No. 12-cv-02204-WHO, 2016 WL 1213767, at *5 (N.D. Cal. Mar. 29, 2016); *Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-cv-05222-VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014). However, this Court has already rejected that line of reasoning. Aug. 10, 2016 Order at 11.

The question now before the Court is whether Plaintiffs' allegations that they would purchase Cheerios Protein only if the product matched its labeling is sufficient to confer standing. Defendant is correct that even if Plaintiffs were to prevail on their claims, this Court could not order a change in the composition of the Cheerios Protein product; instead, the injunctive relief would be limited to having the label accurately reflect the product's contents. *Anderson v. Hain Celestial Grp., Inc.*, 87 F. Supp. 3d 1226, 1235 (N.D. Cal. 2015). Two courts in this district have found this fatal to plaintiffs' standing to seek injunctive relief. First, in *Anderson*, the court concluded that the plaintiff lacked standing because she admitted that she was "not interested in products with unnatural ingredients" and, therefore, "still would not purchase Defendant's products even if it was ordered to

2

remove the 'All Natural' label; the offensive unnatural ingredients would still be there." *Id.* Likewise, another court found no standing in a case concerning a vegan mayonnaise substitute because there was "no possibility of confusion to [the plaintiff] as a consumer." *Duran v. Hampton Creek*, No. 15-cv-05497-LB, 2016 WL 1191685, at *7 (N.D. Cal. Mar. 28, 2016). The product was always going to be a vegan spread, the court reasoned, and the plaintiff "disavowed interest in any product that is not mayonnaise: he would not have purchased the product if he had known it was not mayonnaise and instead would have purchased true mayonnaise or nothing at all." *Id.*

In this case, by contrast, there is a "possibility of confusion" to Plaintiffs since it is possible that Defendant will change the composition of Cheerios Protein so that it is more appealing to Plaintiffs. This is sufficient to confer standing to seek injunctive relief on plaintiffs, like Coe and Castro, who allege "a willingness to consider a future purchase." *Lilly*, 2015 WL 1248027, at *4. As the *Lilly* court explained:

> [T]he manufacturer may change or reconstitute its product in the future to conform to the representations on the label. . . . In that event, the product would actually become the product that our hypothetical consumer values most highly, and it would be labeled as such. But unless the manufacturer or seller has been enjoined from making the same misrepresentation, our hypothetical consumer won't know whether the label is accurate. And she won't know whether it makes sense to spend her money on the product, since she will suspect a continuing misrepresentation. In fact, knowing about the previous misrepresentation, she probably *won't* buy it – *even though it is now precisely the product she wants above all others*. So, while other consumers may purchase the (now correctly labeled) product, our consumer – the person most likely to suffer future injury from this misrepresentation – will be deprived of it. A rule that prevents this consumer from seeking an injunction doesn't comport with traditional notions of standing; it prevents the person most likely to be injured in the future from seeking redress.

*Id.* (footnote omitted); *see also Duran*, 2016 WL 1191685, at *7 (agreeing with *Lilly* but finding facts distinguishable). To the extent other cases, including *Anderson v. Hain*, are inconsistent with the above, the Court rejects their reasoning.

Unlike Plaintiffs Coe and Castro, however, Plaintiff Mizzi does not allege any willingness to consider a future purchase, even after having been given leave to amend to

3

1  do so.  Plaintiffs argue that only one named plaintiff in a class action needs to have
2  standing, Opp'n at 3 n.2, but they fail to consider that the complaint alleges claims on
3  behalf of two classes: a class of California consumers and a class of New York consumers.
4  Plaintiffs Coe's and Castro's standing is sufficient to support the injunctive relief claims of
5  the California class, but Plaintiff Mizzi's lack of standing is fatal to the injunctive relief
6  claims of the New York class.  "Unless the named plaintiffs are themselves entitled to seek
7  injunctive relief, they may not represent a class seeking that relief."  *Hodgers-Durgin v. de
8  la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999).  Because the sole named plaintiff of the New
9  York class lacks standing to seek injunctive relief, the Court must therefore dismiss the
10 New York class's injunctive relief claims.  Plaintiffs have already had an opportunity to
11 amend the complaint and chose only to add allegations concerning Plaintiffs Coe and
12 Castro and not Plaintiff Mizzi.  Accordingly, dismissal of the New York injunctive relief
13 claims is with prejudice.

## CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss Plaintiffs' injunctive relief claims is DENIED as to the California class and GRANTED as to the New York class.

**IT IS SO ORDERED.**

Dated:  02/06/17

_____
THELTON E. HENDERSON
United States District Judge